Edmiston v. Long.

M. J. EDMISTON, ADM'R, v. JOHN LONG.

Where a decedent left a wife and child, and the inventory of his estate contained only a house and three acres of land, which the wife sold to the administrator, after which she removed with her child to the State of Alabama, in a proceeding commenced in the County Court to compel the administrator to sell the house and land to pay debts, it was held, without prejudice to the rights of the wife and child, if any, that the property should be sold as prayed for.

Appeal from Houston. Tried below before the Hon. John H. Reagan.

Edmiston v. Long.

*R. A. Reeves*, for appellant.   In this case the homestead privilege was not contingent ; the husband had died and the wife had succeeded to his rights as the head of the family, and her sale of the property and subsequent removal from the State, (as the husband in his life time might have done,) did not subject the homestead to forced sale at the instance of a creditor of the husband.   (See Wood v. Wheeler, 7 Tex. R. 13 ; Sampson v. Williamson, 6 Id. 102.)

*Yoakum & Taylor*, for appellee.   We should not pretermit the claims of our creditors to provide homesteads for non-residents.   (Trawick v. Harris, 8 Tex. R. 312 ; Earle v. Earle, 9 Id. 633.)

LIPSCOMB, J.   This was a suit by a judgment creditor of the estate of Bledsoe, to compel the administrator to sell property appertaining to the estate, to satisfy his judgment.   The Probate Court rejected the application for the sale, and the creditor appealed.   The District Court reversed the judgment of the Probate Court, and ordered that the administrator should proceed to sell the property of the estate to satisfy the creditor's judgment, and directed its judgment to be certified to the Probate Court for execution thereof, from which judgment the administrator appealed to this Court.

The facts show that Bledsoe, appellant's intestate, left a widow and one child, an infant ; that before there was an administrator appointed, the widow sold a cow and divers articles of household furniture, and paid off some debts.   The amount sold and the amount paid by her were but small.   The evidence further conduces to prove, that she caused to be secreted and run off a negro boy belonging to the estate, so that he could not be administered on, with the other property of the estate ; that after the appellant had administered and returned an inventory embracing a house and three acres of land near to, and adjoining the town of Crockett, the same on

which Bledsoe resided at the time of his death, this property the administrator became purchaser of by deed in fee from the widow, and she removed, with her child, from the State, to the State of Alabama, where they still reside. The judgment of Long against the estate was proven. No person made opposition to the order of sale, but the administrator. The rights of the widow, nor of the child, are before us for litigation, and our judgment in this case cannot affect them. But we are clear, that under the facts presented, the administrator can set up no right or defence against the creditor, under his purchase from the widow. She had not had her share or widow's portion set apart to her; and so far as she is concerned, if she was hereafter to apply to the Court for an award of her widow's rights, she would be required to account for the slave supposed to have been illegally abstracted from the assets of the estate. We, however, only decide that the administrator, from the record, is not in a position to resist the claim of the creditor. We consequently affirm the judgment of the Court below.

Judgment affirmed.